GRABER, Circuit Judge,
concurring in part and dissenting in part:
I concur in the disposition’s treatment of Petitioners’ claims for withholding of removal and CAT relief. But I respectfully dissent from denial of the asylum claim on the ground of untimeliness. The majority incorrectly excuses as harmless the BIA’s application of the wrong legal standard in determining that Petitioners’ asylum petitions were untimely filed.
The BIA held that waiting more than six months to apply for asylum after a change in circumstances “would not be considered reasonable.” In so holding, the BIA relied expressly on commentary to a regulation that, itself, does not create any presumption of unreasonableness after six months. See Wakkary v. Holder, 558 F.3d 1049, 1057-58 (9th Cir.2009) (“[T]he regulations make clear that the reasonableness determination must be made ‘under the circumstances,’ on a case-by-case basis.” (quoting 8 C.F.R. § 208.4(a)(5))). The majority holds that the BIA’s error was harmless. But when reviewing an agency’s decision, as distinct from a ruling of the district *407 court, we are not allowed to decide that an agency was right for the wrong reason. See Navas v. INS, 217 F.3d 646, 658 n. 16 (9th Cir.2000) (“[T]his court cannot affirm the BIA on a ground upon which it did not rely.”); see also Ornelas-Chavez v. Gonzales, 458 F.3d 1052, 1058 (9th Cir.2006) (“[W]here the BIA applies the wrong legal standard to an applicant’s claim, the appropriate relief from this court is remand for reconsideration under the correct standard ----”).
For those reasons, I would grant and remand with respect to the asylum claim.